FILED
John E. Triplett, Acting Clerk
United States District Court

By mgarcia at 3:07 pm, Jun 25, 2020

# In the United States District Court for the Southern District of Georgia Brunswick Division

UNITED STATES OF AMERICA,

      v.

RAMON ROSARIO,

      Defendant.

CR 204-032-1

## ORDER

Before the Court is Defendant Ramon Rosario's motion for appointment of counsel and motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act. Dkt. No. 41. For the reasons below, Rosario's motion is **DENIED in part and DISMISSED in part.**

## BACKGROUND

While Rosario was serving a 292-month sentence for offenses committed in the Middle District of Georgia, Rosario was indicted in the Southern District of Georgia for assault with intent to do bodily harm, assault with intent to murder, and possessing contraband in prison. In January 2005, under a written plea agreement, Rosario pleaded guilty to possession of contraband, in violation of 18 U.S.C. § 1791(a)(2), (b)(3), (d)(1)(B). Dkt. Nos. 31, 33. The Court sentenced Rosario to forty-eight months' imprisonment with the Bureau of Prisons ("BOP"), to be served

consecutively to the sentence already imposed by the Middle District of Georgia. Dkt. No. 35. Rosario did not directly appeal. According to the BOP website, Rosario is currently incarcerated at FMC Lexington located in Lexington, Kentucky, with a projected release date of April 9, 2023.

Now Rosario moves the Court for appointment of counsel and compassionate release under 18 U.S.C. § 3582(c)(1)(A). Rosario's motion is based on the COVID-19 pandemic and his concern for his health. Rosario, however, has not averred that he has exhausted his administrative remedies with the BOP as required by 18 U.S.C. § 3582(c)(1)(A).

## DISCUSSION

Before a prisoner can file a motion under 18 U.S.C. § 3582, he must first have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Id. § 3582(c)(1)(A). Here, Rosario does not allege in his motion that he attempted to exhaust his administrative remedies. See Dkt. No. 172.

The BOP has an administrative process in place to determine how best to respond to the risk each individual inmate faces from COVID-19. The exhaustion requirement allows the BOP to apply that process in a timely and orderly manner without giving preferential

2

treatment to inmates who prematurely file motions with the Court. Having found that Rosario has failed to exhaust his administrative remedies, the Court concludes that it does not have jurisdiction to decide Rosario's request. See United States v. Matthews, No. 5:01-cr-18, 2020 WL 1845101, at *2 (M.D. Ga. Apr. 10, 2020) ("Because '[n]othing in the record . . . indicates [petitioner] exhausted his administrative remedies before filing his request,' the Court does not have jurisdiction to consider the motion." (quoting United States v. Coates, 775 F. App'x 669, 671 (11th Cir. 2019))). Accordingly, Rosario's motion for compassionate release, dkt. no. 41, is **DISMISSED**.

Additionally, to the extent Rosario requests appointment of counsel, that motion is **DENIED**. There is generally no constitutional right to counsel during a collateral proceeding. See McCleskey v. Zant, 499 U.S. 467, 495 (1991) (defendant lacks a Sixth Amendment right to counsel during collateral proceeding). Moreover, Rosario has provided no argument or legal authority to support the request he seeks.

## CONCLUSION

Rosario's motion for compassionate release is **DISMISSED**, and his motion for appointment of counsel is **DENIED**.

**SO ORDERED**, this _25_ day of June, 2020.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA