# In the United States District Court for the Southern District of Georgia Brunswick Division

```
UNITED STATES OF AMERICA,        |
                                 |
     v.                          |   CR 204-032
                                 |
RAMON ROSARIO,                   |
                                 |
     Defendant.                  |
```

## ORDER

Before the Court is Defendant Ramon Rosario's motion for reconsideration of this Court's Order dismissing his motion for compassionate release. Dkt. No. 44. For the reasons below, Rosario's motion is **DENIED**.

## BACKGROUND

While Rosario was serving a 292-month sentence for offenses committed in the Middle District of Georgia, Rosario was indicted in the Southern District of Georgia for assault with intent to do bodily harm, assault with intent to murder, and possessing contraband in prison. In January 2005, under a written plea agreement, Rosario pleaded guilty to possession of contraband, in violation of 18 U.S.C. § 1791(a)(2), (b)(3), (d)(1)(B). Dkt. Nos. 31, 33. The Court sentenced Rosario to forty-eight months' imprisonment with the Bureau of Prisons ("BOP"), to be served consecutively to the sentence already imposed by the Middle

District of Georgia.  Dkt. No. 35.  Rosario did not directly appeal.  According to the BOP website, Rosario is currently incarcerated at FMC Lexington located in Lexington, Kentucky, with a projected release date of April 9, 2024.

## DISCUSSION

Before a prisoner can file a motion under 18 U.S.C. § 3582(c), he must first have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Id. § 3582(c)(1)(A).  In Rosario's original motion, he did not provide the Court with enough information to determine whether he had exhausted his administrative remedies.  See Dkt. No. 41.  Indeed, Rosario's supplemental filings show that his motion to the Court was premature in that he did not wait the requisite thirty days for the BOP to respond to his request before filing a motion with the Court.  On June 1, 2020, Rosario's motion for compassionate release was received by the Clerk's Office and docketed; however, the motion itself is postmarked May 27, 2020. See Dkt. No. 41 at 5.  On or about June 9, 2020, Rosario submitted a Reduction in Sentence ("RIS") request based upon compassionate release to the Warden.  See Dkt. No. 44 at 5.  It appears, therefore, that Rosario filed his motion with the Court before he began the administrative remedy process with the BOP.  Such a

2

premature filing with the Court does not meet the requirements of § 3582(c)(1)(A).

Nevertheless, Rosario has shown that thirty days passed before he received the Warden's denial of his RIS request. His RIS request was submitted on or about June 9, 2020. Dkt. No. 44 at 5. Rosario did not receive the Warden's denial until July 27, 2020. Id. At first blush, it would appear Rosario exhausted his administrative remedies as required by § 3582(c)(1)(A). Upon closer examination of the Warden's denial, however, the Court is not persuaded that he has done so. The Warden's denial letter was critical of Rosario's RIS request for his failure to "provide any clarification on how [Rosario] would like to be considered" for compassionate release. Id. A valid administrative request is required before the 30-day deadline under § 3582(c)(1)(A) is triggered. Cf. United States v. Lynn, No. CR 89-0072-WS, 2019 WL 3805349, at *2 (S.D. Ala. Aug. 13, 2019), appeal dismissed, No. 19-13239-F, 2019 WL 6273393 (11th Cir. Oct. 8, 2019) (rejecting defendant's argument that the 30-day period in § 3582(c)(1)(A) is an "absolute deadline for BOP to provide input into a court's compassionate release determination"). The Court gleans from the Warden's denial letter that Rosario's RIS request did not describe a basis for his compassionate release request, i.e. extraordinary and compelling reasons, including medical condition, age, family

3

circumstances or "other reasons." See § 3582(c)(1); U.S.S.G. § 1B1.13, application note 1.

Without Rosario's original request, it is impossible for the Court to determine whether Rosario in fact submitted a valid administrative remedy request or, if he did, the basis upon which his request was based. See United States v. Valenta, No. CR 15-161, 2020 WL 1689786, at *1 (W.D. Pa. Apr. 7, 2020) ("To properly exhaust administrative remedies, therefore, the administrative complaint must raise the same claims asserted in the federal court filing." (citing Gadra-Lord v. Doe, 736 F. App'x 30, 32 (3d Cir. 2018))). The Court again finds that Rosario has not provided enough information to show he has exhausted his administrative remedies.

## CONCLUSION

Rosario's motion for reconsideration of the Court's previous dismissal of his motion for compassionate release, dkt. no. 44, is **DENIED**.

**SO ORDERED**, this 25 day of September, 2020.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

4